UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　Plaintiff<br><br>　　　v.<br><br>Weltman, Weinberg & Reis Co., L.P.A.,<br><br>　　　Defendant. | Civil Action No.<br><br>COMPLAINT<br><br><br><br><br><br>*Electronically Filed* |

## COMPLAINT

Plaintiff, the Consumer Financial Protection Bureau ("Bureau"), alleges the following against Weltman, Weinberg & Reis Co., L.P.A. ("Weltman").

## INTRODUCTION

1. The Bureau brings this action under Sections 807(3), 807(10), and 814(b)(6) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(3), (10), and 1692*l*(b)(6); and Sections 1031(a), 1036(a)(1), 1054, and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1), 5564, and 5565.

2. The Defendant engages in unlawful collection activities by misrepresenting the level of attorney involvement in demand letters and calls to consumers.

1

## JURISDICTION AND LEGAL AUTHORITY

3. This Court has subject-matter jurisdiction over this action because it is "brought under Federal consumer financial law," 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States, 28 U.S.C. § 1345.

4. Venue is proper in this District because the Defendant does business here and a substantial part of events or omissions giving rise to the claims occurred here. 12 U.S.C. § 5564(f); 28 U.S.C. § 1391(b).

## PARTIES

5. The Bureau is an independent agency of the United States that is authorized to take enforcement action to address violations of Federal consumer financial law, 12 U.S.C. §§ 5511(c)(4), 5512(a), 5563, 5564, including the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the CFPA, 12 U.S.C. §§ 5531, 5536(a)(1).

6. Respondent Weltman, Weinberg & Reis Co., L.P.A. ("Weltman" or "the Firm") is a law firm, organized under the laws of Ohio that has offices in this district.

7. Weltman regularly collects or attempts to collect, directly or indirectly, consumer debts, including debts from credit cards, installment loan contracts, mortgage loan deficiencies, and student loans. Weltman collects such debts on behalf of original creditors and debt buyers who purchase portfolios of defaulted consumer debt.

8. Weltman is therefore a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6), and it is a "covered person" under the CFPA, 12 U.S.C. § 5481(5), (6), (15)(A)(i), (15)(A)(x), because it collected debt related to credit extended to consumers.

## **STATEMENT OF FACTS**

9. Since at least July 21, 2011, the Firm has regularly collected or attempted to collect debts on behalf of original creditors and debt buyers.

10. These alleged debts included the following types of debt: credit card; installment loan contract; mortgage loan deficiency; and student loan.

11. The alleged debts have been incurred by consumers primarily for personal, family, or household purposes.

12. When Weltman acquires the rights to collect on a new debt portfolio, the Firm's representatives (which may or may not include an attorney) discuss the portfolio's attributes with the creditor, including prior collection efforts and the age of the debts in the portfolio.

13. As part of the initial intake process, Weltman attorneys may review a sample of individual accounts within a portfolio of debts from the creditor for whom Weltman is collecting the debt. But non-attorneys may perform this review.

14. As part of its debt collection efforts, Weltman sends letters to consumers requesting payment ("demand letters").

15. If a consumer does not respond to an initial demand letter, then Weltman frequently sends a follow-up demand letter reiterating its request for payment or offering to settle the debt for a reduced amount.

16. The vast majority of the time, Weltman generates these demand letters through an automated process. Specifically, consumer account information provided by Weltman's clients is populated into a form letter template and printed by a third-party vendor.

17. Weltman's demand letters are printed on the Firm's letterhead, which states "WELTMAN, WEINBERG & REIS Co., LPA" at the top of the first page, and directly underneath the Firm's name, "ATTORNEYS AT LAW." In almost all versions of this template, the name of the Firm and the phrase "ATTORNEYS AT LAW" are in bold type.

18. "Weltman, Weinberg & Reis Co., L.P.A." appears in type-face in the signature line of nearly all of Weltman's demand letter templates.

19. Weltman's form letters typically include a detachable payment remission slip indicating that payments should be sent to Weltman, Weinberg & Reis Co., L.P.A., and provide a mailing address.

20. Since at least July 21, 2011, some of Weltman's form letters have included the following language: "Failure to resolve this matter may result in continued collection efforts against you or possible legal action by the current creditor to reduce this claim to judgment."

21. Since at least July 21, 2011, Weltman's form letters have also sometimes included the following language: "This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose."

22. Since at least July 21, 2011, at times some form letters stated: "Please be advised that this law firm has been retained to collect the outstanding balance due and owing on this account."

23. When Weltman sends demand letters, Weltman attorneys generally have not reviewed a corresponding consumer's individual account file to reach a professional judgment that sending the letter is appropriate because, for example, the information in the letter is accurate and the debt is due and owing.

24. In most cases, Weltman attorneys do not review any individual account information or any other aspects of a consumer's file before Weltman sends a demand letter.

25. None of the subject demand letters include any disclaimer notifying consumers that an attorney has not reviewed the consumer's file or formed an independent professional judgment about the subject debt.

26. Weltman's demand letters misrepresent that attorneys at the firm have reviewed the consumer's file and determined that the consumer owes the amount demanded, when in fact no such review has occurred.

27. Rather, at the time a consumer receives a demand letter, Weltman is acting as a collection agency.

28. Weltman has sent millions of demand letters to consumers since July 21, 2011. Consumers have paid millions of dollars after Weltman sent a given demand letter but before Weltman filed any related collection lawsuit.

29. In addition to sending demand letters, Weltman also attempts to collect debts through outbound telephone calls to consumers.

30. These calls are generally handled by non-attorney collectors who are part of Weltman's "Pre-Legal" Department.

31. In addition, consumers sometimes call Weltman after receiving a demand letter from Weltman, and are routed to these collectors. During these inbound calls, the collectors similarly request payment on the consumer's alleged debt.

32. From at least July 21, 2011 through as late as July 2013, it was Weltman's practice and policy to identify Weltman as a law firm during these collection calls. Some training materials and collection scripts instructed Weltman collectors to tell

5

consumers: "This law firm is a debt collector attempting to collect this debt for our client and any information will be used for that purpose."

33. Even after July 2013, at times collectors continued to refer to Weltman as a law firm during calls with consumers. Sample statements made to consumers by collection agents that referred to Weltman's law firm status included that Weltman was the "largest collection law firm in the United States," an account was forwarded to "the collections branch of our law firm," and that the account has been "placed here with our law firm."

34. When such calls occurred, however, Weltman attorneys generally had not reviewed a corresponding consumer's individual account file to reach a professional judgment regarding whether the consumer owed the debt.

35. Consumers were typically not cautioned that an attorney had not reviewed their account information or formed an independent professional judgment about the subject debt.

36. Weltman's statements to consumers during collection calls implied that attorneys at the firm reviewed the consumer's file and determined that the consumer owed the amount demanded, when in fact no such review had occurred.

## VIOLATIONS

### Count I

### (FDCPA) - Letters

37. The allegations in paragraphs 1-28 are incorporated by reference.

38. As described above, Weltman's demand letters were sent on its law firm letterhead, which prominently features the name of the firm and the phrase

"ATTORNEYS AT LAW" at the top. The law firm was also the signatory of the letters. Furthermore, many demand letters have explicitly referred to Weltman as a "law firm."

39.     The Firm thus misrepresented that the letters were from attorneys and that attorneys were meaningfully involved, when in most cases the attorneys were not meaningfully involved in preparing and sending the letters.

40.     This practice was material because it had the potential to influence consumers to pay an alleged debt when they would not have otherwise.

41.     The Firm's acts and practices constituted violations of sections 807(3) and 807(10) of the FDCPA, 15 U.S.C. § 1692e(3), (10).

## Count II

## CFPA - Letters

42.     The allegations in paragraphs 1-28 are incorporated by reference.

43.     Defendant's FDCPA violations, as described in Count I, constitute violations of section 1036(a)(1)(A) of the CFPA, 12 U.S.C. § 5536(a)(1)(A).

## Count III

## CFPA (Deception) - Letters

44.     The allegations in paragraphs 1-28 are incorporated by reference.

45.     As described above, the demand letters sent to consumers by Weltman before a suit was filed represented, directly or indirectly, expressly or by implication, that attorneys were meaningfully involved in preparing and deciding to send the demand letters.

46.     In fact, this was misleading to a reasonable consumer because demand letters sent by Weltman were prepared and sent without meaningful attorney involvement.

47. This practice was material because it had the potential to influence consumers to pay an alleged debt when they would have not otherwise.

48. The Firm's representations as set forth in paragraphs 17-22 therefore constituted deceptive acts and practices, in violation of sections 1031(a) and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531(a)(1), 5536(a)(1)(B).

## Count IV

## FDCPA – Telephone Communications

49. The allegations in paragraphs 1-13 and 29-36 are incorporated by reference.

50. Weltman routinely placed phone calls to consumers in an attempt to collect alleged debts from them, and also responded to phone inquiries from consumers regarding its debt collection efforts.

51. Weltman's collection agents frequently referred to Weltman as a law firm during these calls. But in most instances, attorneys had not actually reviewed the consumer's file and formed an independent professional judgment that making the collection call was warranted or about whether the consumer owed the amount requested.

52. The Firm thus misrepresented by implication that attorneys were meaningfully involved in the assessment of an alleged debt's validity before a collection call took place.

53. The Firm's acts and practices constituted violations of sections 807(3) and 807(10) of the FDCPA, 15 U.S.C. § 1692e(3), (10).

## Count V

### CFPA - Telephone Communications

54. The allegations in paragraphs 1-13 and 29-36 are incorporated by reference.

55. Defendant's FDCPA violations, as described in Count IV, constitute violations of section 1036(a)(1)(A) of the CFPA, 12 U.S.C. § 5536(a)(1)(A).

## Count VI

### CFPA (Deception) – Telephone Communications

56. The allegations in paragraphs 1-13 and 29-36 are incorporated by reference.

57. By referring to Weltman as a "law firm" during collection calls, Weltman collection agents implied that attorneys had formed an independent professional judgment that making the collection call was warranted or that the individual consumer owed the alleged debt.

58. This was misleading to a reasonable consumer because Weltman attorneys generally had not evaluated individual accounts at the time of the collection calls.

59. This practice was material because it had the potential to influence consumers to pay an alleged debt when they would have not otherwise.

60. The Firm's representations as set forth in paragraphs 29-36 constituted deceptive acts and practices, in violation of sections 1031(a) and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).

## PRAYER FOR RELIEF

Wherefore, as permitted by 12 U.S.C. § 5565 *et seq.*, the Bureau requests an Order granting:

A. an injunction that permanently prohibits Weltman from committing future violations of the FDCPA and CFPA;

B. restitution against Weltman to compensate consumers harmed by Weltman's unlawful practices;

C. disgorgement of ill-gotten revenue against Weltman, in an amount to be determined at trial;

D. civil money penalties against Weltman;

E. recovery of costs in connection with prosecuting the instant action; and

F. any other legal or equitable relief deemed just and proper.

Dated: April 17, 2017

    Respectfully submitted,

    Attorneys for Plaintiff
    Consumer Financial Protection Bureau

    ANTHONY ALEXIS
    Enforcement Director

    DEBORAH MORRIS
    Deputy Enforcement Director

    MICHAEL G. SALEMI
    Assistant Litigation Deputy

    /s/ Sarah Preis
    Sarah Preis
    1700 G Street NW
    Washington, DC 20552
    Phone: (202) 435-9318
    Facsimile: (202) 435-7722
    Email: sarah.preis@cfpb.gov
    Rebeccah Watson
    Phone: (202) 435-7895
    Email: rebeccah.watson@cfpb.gov

    *Enforcement Counsel*