IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, ) | CASE NO. 1:17CV817 |
| ) | |
| ) | JUDGE DONALD C. NUGENT |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WELTMAN, WEINBERG & REIS Co., L.P.A., ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| Defendant. | |

This matter is before the Court upon a Motion for Protective Order filed by Plaintiff, Consumer Financial Protection Bureau (hereafter the "Bureau"). (ECF #21). This Motion requests a protective order to prevent the Defendant, Weltman, Weinberg & Reis Co., L.P.A. (hereafter "WWR"), from taking the depositions of the Bureau's previous Director, Richard Cordray (hereafter "Mr. Cordray"), and Attorney Sarah Preis, lead counsel in this matter.

For the reasons more fully set forth below, the Bureau's Motion for a Protective Order, ECF #21, is DENIED in part and GRANTED in part.

On April 17, 2017, the Bureau filed its Complaint against WWR asserting several violations of both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-92p *et seq.* and the Consumer Financial Protections Act of 2010 ("CFPA"), 12 U.S.C. §§ 5301.

Generally speaking, the Bureau alleges that WWR engaged in unlawful collection activities by misrepresenting the level of attorney involvement when requesting payment in demand letters and during telephone calls.

On October 13, 2017, WWR served the Bureau with notices seeking to depose then Director Cordray and Attorney Preis. The parties conferred about these depositions twice, but have been unable to resolve this discovery dispute. On or about November 24, 2017, Mr. Cordray resigned his position as Director of the Bureau.

The Bureau argues that without a showing that extraordinary circumstances justify the taking of depositions of a high-level government official, WWR has no legal justification to depose Mr. Cordray. (ECF #21-1, p. 4). The Bureau argues this would mean WWR must show that Mr. Cordray "has first-hand knowledge related to the claim being litigated, and that other persons cannot provide the necessary information." (*See* ECF #24, pp. 6-7)(*citing Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *Lederman v. New York City Dep't of Parks and Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).

However, since the filing of the protective order, Mr. Cordray has resigned from his position as Director of the Bureau and is no longer a "high-level government official" that warrants protection from being deposed. Therefore, this Court DENIES the Motion for Protective Order as it relates to Mr. Cordray.

As it relates to Attorney Preis' deposition, the Bureau argues that WWR has not met the burden of demonstrating that no other means exist to obtain the information sought; that the information sought is relevant and non-privileged; and, that the information is crucial to the preparation of the case. (ECF #21-1, p. 8)(citing *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278

F.2d 621 (6th Cir. 2002); *Shelton v. Am. Motor Corp.*, 805 F.2d 1323 (8th Cir. 1986). Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." District courts, however, have discretion to limit the scope of discovery when the information sought is overbroad or unduly burdensome. *See In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 235 (6th Cir. 2016).

Based upon all of the factual and legal arguments presented in the briefs, that Attorney Preis has shown that the relevant information sought has either been provided, been properly withheld due to privilege, or can be obtained through other sources. (See, e.g., ECF #21-2; ECF #24-1 thru #24-5 (affidavits, correspondence and pleadings relating to discovery)). The discovery sought by WWR via these depositions is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. See Fed. R. Civ. P. 26(b)(2)(C)(1). For these reasons, the protective order blocking the deposition of Attorney Preis is GRANTED.

If, as the case progresses, WWR believes information comes to light that would make Attorney Preis' potential testimony necessary, WWR may re-visit the issue with the Court at the appropriate time.

For the reasons more fully set forth herein, the Bureau's Motion for Protective Order, (ECF #21), is DENIED as to Mr. Cordray and GRANTED as to Attorney Preis.

IT IS SO ORDERED.

/s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: 12/6/2017