IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL ) <br> PROTECTION BUREAU, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> WELTMAN, WEINBERG & REIS CO., ) <br> L.P.A., ) <br> ) <br> Defendant. ) | CASE NO. 1:17 CV 817 <br><br><br><br><br> JUDGE DONALD C. NUGENT <br><br><br> MEMORANDUM OPINION <br> AND ORDER |

This matter is before the Court on the Motion for Partial Summary Judgment on Counts I-III filed by Plaintiff, Consumer Financial Protection Bureau ("the Bureau") (Docket #44), and the Motion for Summary Judgment filed by Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("WWR") (Docket #45).

I.  **Background.**

On April 17, 2017, the Bureau filed its Complaint against WWR, asserting violations of Sections 807(3), 807(10) and 814(b)(6) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(3), (10) and 1692l(b)(6), and Sections 1031(a), 1036(a)(1), 1054 and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1),

5564 and 5565. The Bureau alleges that since at least July 21, 2011, WWR engaged in unlawful collection activities by misrepresenting the level of attorney involvement in demand letters it sent, and telephone calls with consumers, requesting payment for debts owed to its clients.

On February 23, 2018, the Bureau filed its Motion for Partial Summary Judgment as to Counts I-III of the Complaint and WWR filed its Motion for Summary Judgment. (Docket #s 44 and 45.) Both Motions are fully briefed and ready for disposition.

## II.   Standard of Review.

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The Court has undertaken a thorough review of the Motions for Summary Judgment submitted by the Parties; all documentation submitted in support thereof; and, the applicable statutory and case law.

**III.   Discussion.**

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Likewise, the CFPA prohibits "any unfair, deceptive, or abuse practice" regarding consumer products or services. 12 U.S.C. § 5336.

FDCPA violations are analyzed through the lens of the "least sophisticated consumer," whereas a "reasonable consumer" standard applies to CFPA claims. *Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed. App'x 24, 28 (6th Cir. Ohio 2007) (citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. Ohio 1992)); *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 631 (6th Cir. Ohio 2014). The least sophisticated consumer standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor" and "ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. Ohio 1999) (internal quotation omitted); *Gionis*, 238 Fed. App'x 24, 28 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2nd Cir. Conn. 1993). Although the "least sophisticated consumer" standard is a lower standard, it "'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding

and willingness to read with care.'" *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 509-10 (6th Cir. Ohio 2007) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-44 (3rd Cir. N. J. 2000)).

15 U.S.C. § 1692e, titled "False or misleading representation," provides in pertinent part as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

The mere fact that a letter is written on law firm or attorney letterhead does not violate the FDCPA. Rather, the question is whether the least sophisticated debtor, reading the letter, would understand whether or not an attorney has reviewed the specific facts of the case and whether or not the law firm or attorney is acting as an attorney. *Greco v. Trauner*, 412 F.3d 360 (2nd Cir. N.Y. 2005). The Court in *Greco* explained the requirements of the FDCPA as follows:

> One cannot, consistent with FDCPA, mislead the debtor regarding meaningful "attorney" involvement in the debt collection process. But it does not follow that attorneys may participate in this process only by providing actual legal services. In fact, attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not misleading. Put another way, our prior precedents demonstrate that an attorney can, in fact, send a debt collection letter without being meaningfully involved as a attorney within the collection process, so long as that letter includes disclaimers that should make clear even to the "least sophisticated consumer" that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.

*Greco*, 412 F.3d at 364.

## A. The Bureau's Motion for Partial Summary Judgment

The Bureau alleges that the demand letters, written on WWR letterhead, falsely implied that an attorney was meaningfully involved in the collections process and that the letters contained no language which would cure that misleading impression. The Bureau argues that a "'letter sent on law firm letterhead, standing alone, represents a level of attorney involvement to the debtor receiving the letter'" and that consumers receiving these collection letters "'may reasonably believe that an attorney has reviewed his file and has determined that he is a candidate for legal action.'" *Greco*, 412 F.3d 360, 364; *Lesher v. Law Offices of Michael N. Kay, PC*, 650 F.3d 993, 999 (3rd Cir. Pa. 2011). In addition, as evidence that WWR's communications are misleading, the Bureau offers a survey of 634 consumers conducted by Dr. Ronald Goodstein, Ph.D., in which 38.2% of consumers shown a letter modeled after WWR's initial demand letter indicated they believed that an attorney reviewed their account before sending the letter.

Further, the Bureau alleges that WWR's attorneys do not exercise the kind of account level review or professional judgment when issuing the debt collection letters that is necessary to satisfy "meaningful attorney involvement" standard, arguing that the attorney must exercise some "professional judgment as to the delinquency and validity of any individual [] debt before he issued a letter to that debtor," and that the Court must focus on "the sufficiency of the attorney's independent review of a particular case prior to the issuance of a debt collection letter." *Nielsen v. Dickerson*, 307 F.3d 623, 636 (7th Cir. Ill. 2002); *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86, 102 (E.D.N.Y. 2009). The Bureau argues WWR attorneys do not (1) review account-level documents, (2) make any individual determination that the balance stated is due

and owing, (3) form a professional judgment that a demand letter is appropriate for a particular account, or (4) decide to send demand letter to individual consumers, and that a general oversight of the collection process by WWR attorneys is insufficient. (Docket #44-1 at p. 14.)

In response, WWR argues, citing *Sheriff v. Gillie*, 136 S. Ct. 1594 (2016), that it is not required to "obscure the reality" that WWR is, in fact, a law firm, and that the "specter of consumer confusion" is insufficient to state a claim under the FDCPA. Furthermore, WWR asserts that WWR "lawyers are involved in and oversee every step of the collection process;" "communicate with their clients to gather information that the lawyers feel, in their professional judgment, is necessary to evaluate a portfolio of debt and verify the accuracy of representations that the client makes;" "develop a collections strategy;" and, "oversee the use of technology to identify accounts that should be treated differently," thereby satisfying the "meaningful involvement" standard. (Docket #54 at p. 13.)

### B. WWR's Motion for Summary Judgment

In addition to raising arguments regarding the statutes of limitation applicable to the Bureau's claims and the validity of a tolling agreement executed by the Bureau and WWR, WWR argues that its communications with consumers truthfully identify WWR as a law firm, as required under both the FDCPA, 15 U.S.C. § 1692(e)(14), and Rules 4.3, 7.1 and 7.5 of the Ohio Rules of Professional Conduct. Citing *Sheriff v. Gillie*, 136 S. Ct. 1594, WWR argues that by truthfully identifying itself as a law firm and conspicuously noting that the law firm is acting as a debt collector, its communications with consumers are not misleading to the least sophisticated consumer. WWR asserts that the letters, and collection calls, truthfully represent that WWR – the law firm, not an individual lawyer – conducted some type of evaluation prior to initiating the communication. Further, WWR argues that the Bureau is not entitled to restitution or

disgorgement damages, arguing that the Bureau cannot establish any unjust gains, relying on the deposition testimony of a witness for the Bureau who stated, "I have no idea if it is all ill gotten or partly ill gotten." (Docket #45 at p. 20, citing the Deposition of M. Heidari at 21:22-23.)

The Bureau argues that no claim in this case is completely foreclosed on statute of limitations grounds. Further, the Bureau argues that the decision in *Sheriff v. Gillie* was limited to facts which are unique to that case and does not foreclose the Bureau's claims against WWR. With regard to disgorgement, the Bureau, citing *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 67 (2nd Cir. N.Y. 2006), asserts that the Bureau must show that its disgorgement calculation "reasonably approximated" WWR's unjust gains and, that once it does so, WWR must show that the calculation is inaccurate. The Bureau argues that if WWR disagrees with the Bureau's disgorgement calculation, it may offer evidence at trial regarding what amount should be excluded.

## IV. Conclusion.

No claim in this action will be completely foreclosed on statute of limitations grounds and whether the communications at issue are misleading is a question of fact that must be determined by a jury. *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. Mich. 2015)(quoting *Kistner v. Law Offices of Michael P. Magelefsky, LLC*, 518 F.3d 433, 440 (6th Cir. Ohio 2008)("generally speaking, 'a jury should determine whether the letter is deceptive and misleading'"). In this case, genuine issues of material fact persist which preclude summary judgment for either party, including, but not limited to, whether the least sophisticated debtor would believe WWR was acting as an attorney relative to the letters and phone calls in question and, if so, whether WWR attorneys were in fact meaningfully involved in the collections process

so as to render any claim that the letters were misleading moot, as well as questions regarding whether WWR realized any unjust gains subject to disgorgement and the appropriate calculation of the same.

Accordingly, the Motion for Partial Summary Judgment on Counts I-III filed by Plaintiff, Consumer Financial Protection Bureau (Docket #44), and the Motion for Summary Judgment filed by Defendant, Weltman, Weinberg & Reis Co., L.P.A. (Docket #45), are hereby DENIED.

A jury trial remains set for May 1, 2018 at 8:30 a.m. in Courtroom 15A.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 9, 2018