IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU,**<br><br>Plaintiff,<br><br>v.<br><br>**WELTMAN, WEINBERG & REIS CO., L.P.A.,**<br><br>Defendant. | Civil Action No. 1:17-cv-00817-dcn<br><br>Judge Donald C. Nugent<br><br>Magistrate Judge William H. Baughman, Jr. |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY RELATING TO OTHER LAWSUITS FILED AGAINST DEFENDANT AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiff the Consumer Financial Protection Bureau ("CFPB") has suggested that it intends to introduce testimony relating to *other* lawsuits filed against Defendant Weltman, Weinberg & Reis Co., LPA. ("Weltman").  To be clear, it is not seeking to introduce any order or judgment that concludes that Weltman violated the law—none exist.  Rather, the CFPB suggests that it intends to introduce the fact that a lawsuit was filed, the nature of the allegations, and the fact that the lawsuit was resolved by the parties and dismissed.  It is unclear what legitimate purpose could possibly be served by this evidence, but assuming there is such a purpose, it is outweighed by the prejudicial nature of the evidence.  The CFPB should be precluded from introducing any evidence of prior lawsuits against Weltman.

The issues before the Court in this case have been described in detail in other briefs (E.g., ECF 45, 54).  In short, those issues are:  *First*, following *Gillie*, can the mere fact that Weltman's

letterhead truthfully identifies Weltman as a law firm be misleading under the FDCPA and CFPA? That issue is one of law, as the Supreme Court held in *Gillie*. **Second**, if it is possible that, *Gillie* notwithstanding, using Weltman's letterhead requires "some degree of attorney involvement" to avoid liability under the FDCPA and CFPA, can the CFPB prove that there is a specific instance—based on the facts and circumstances of the particular debt at issue—where Weltman's robust process of evaluating debt portfolios and preliminary account evaluation in accordance with Weltman's Compliance Management System are insufficient to constitute attorney involvement?

As an initial matter, settlements cannot be used to prove liability. To the extent the CFPB intends to argue or imply that settled cases are evidence that Weltman violated the law in the past, Rule 408 prohibits that argument because "a settlement or offer to settle cannot be used to prove liability." *Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 409 (6th Cir. 2002). *Accord Franke v. Tig Ins. Co.*, No. 13-CV-13432, 2015 WL 5697597, at *2-3 (E.D. Mich. Sept. 29, 2015) (excluding evidence of past litigation and past settlements under Rule 408).

To the extent the CFPB intends to argue that the allegations stated in the complaints filed in other lawsuits should be considered "evidence" in this case, "[a]llegations in a pleading are not evidence." *Slorp v. Lerner*, No. 2:12-CV-498, 2016 WL 1252980, at *3 (S.D. Ohio Mar. 31, 2016). Indeed, they are rank hearsay. *See* Fed. R. Civ. P. 802.

Even if there were a legitimate purpose for introducing evidence of prior lawsuits against and settlements with Weltman, the evidence would be inadmissible under Rule 403, as it is unduly prejudicial and not probative of any issue in this case. *See McLeod v. Parsons Corp.*, 73 F. App'x 846, 854 (6th Cir. 2003) (affirming the district court's ruling to exclude irrelevant evidence of other employment discrimination lawsuits filed against the defendant because "the

potential for prejudice that would have accompanied this evidence would have substantially outweighed its probative value, and this evidence would have misled the jury"); *Franke*, 2015 WL 5697597, at *2-3 (holding evidence of past litigation and settlements inadmissible under Rule 403, as it would unfairly prejudice the defendant); *Powers v. Bayliner Marine Corp.*, 855 F. Supp. 199, 205 (W.D. Mich. 1994) (finding evidence of a settlement inadmissible under Rule 408 and explaining that, "[e]ven if evidence of the settlement were otherwise admissible, the danger of unfair prejudice and confusion would compel its exclusion under Fed. R. Evid. 403").

For these reasons, all evidence relating to other lawsuits filed against Weltman should be excluded from evidence.

Dated: April 19, 2018

Respectfully submitted,

s/ Ryan A. Doringo
James R. Wooley (0033850)
Tracy K. Stratford (0069457)
Ryan A. Doringo (0091144)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone: 216.586.3939
Facsimile: 216.579.0212
Email: jrwooley@jonesday.com
tkstratford@jonesday.com
radoringo@jonesday.com

Attorneys for Defendant
Weltman, Weinberg & Reis Co., L.P.A.

NAI-1503615821v2

## CERTIFICATE OF SERVICE

 I hereby certify that on April 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Sarah Preis
Zol Rainey
Rebeccah Watson
Jehan Patterson
1700 G Street NW
Washington, DC 20552

Counsel for Plaintiff, Consumer
Financial Protection Bureau

              s/  Ryan A. Doringo
              One of the Attorneys for Weltman, Weinberg &
              Reis Co., L.P.A.