# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, <br><br> Plaintiff, <br><br> v. <br><br> WELTMAN, WEINBERG & REIS CO., L.P.A., <br><br> Defendant. | Civil Action No. 1:17-cv-00817-dcn <br><br> Judge Donald C. Nugent <br><br> Magistrate Judge William H. Baughman, Jr. |

## DECLARATION OF JAMES R. WOOLEY

I, James R. Wooley, declare as follows, subject to penalty of perjury:

1. I have personal knowledge of the matters set forth in this declaration and am competent to testify thereto.

2. I oversaw the litigation of this matter, including all tasks listed below. I am familiar with the attorney's fees Defendant Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") has incurred.

3. I am a partner in the law firm of Jones Day. I am lead counsel representing Weltman in the above-captioned matter, and I am admitted to practice before this Court. I am a 1982 graduate of Case Western Reserve University School of Law. My practice focuses on representing businesses and individuals in government investigations, criminal litigation, and commercial disputes. I have overseen and participated in dozens of trials in state and federal court arising from commercial disputes and government investigations.

4. During the representation in this matter, I supervised a team of attorneys and non-attorneys at Jones Day, all of whom worked on the Weltman representation.

5. Weltman incurred attorney's fees totaling **$1,207,481.25** for the litigation of this matter.[1] These fees were reasonably and necessarily incurred and were generated from the work performed by my team on the following tasks.

6. Weltman incurred attorney's fees of **$608,925** for 1,001.75 hours expended on tasks related to pre-summary judgment filings and the discovery process. These tasks included analyzing case background information, developing case strategy, reviewing and analyzing the Complaint (ECF No. 1), performing legal research, drafting a Motion for Judgment on the Pleadings (ECF No. 7), reviewing the CFPB's Opposition Brief (ECF No. 10), drafting Weltman's reply in support Reply in Support (ECF No. 13), drafting discovery requests and motions, reviewing and analyzing documents, reviewing and analyzing transcriptions for the telephone calls at issue in Counts IV through VI of the Complaint (ECF No. 1), responding to discovery requests, researching privilege and discovery issues, preparing for, defending, and taking depositions, preparing for and participating in the Rule 26(f) conference and meet-and-confers with the CFPB, communicating internally and with the CFPB about issues related to discovery and briefing.

7. Weltman incurred attorney's fees of **$152,718.75** for 300 hours expended briefing summary judgment, including legal research, drafting its Motion for Summary Judgment (ECF No. 45), reviewing the CFPB's Opposition Brief (ECF No. 52), drafting a Reply in Support (ECF No. 57), reviewing the CFPB's Motion for Partial Summary Judgment (ECF No. 44), drafting an Opposition Brief (ECF No. 54), and reviewing the CFPB's Reply (ECF No. 58).

---

[1] The attorney's fees described in this Declaration do not include any attorney's fees incurred by Weltman in the CFPB's pre-suit investigation, during which Weltman was represented by another law firm.

This also includes discussions among counsel regarding issues related to research, the pleadings, and summary judgment strategy.

8. Weltman incurred attorney's fees of **$61,762.50** for 83.25 hours expended in developing settlement strategy, preparing for and attending the case management conference, preparing for and attending mediation, and engaging in settlement negotiations with the CFPB.

9. Weltman incurred attorney's fees of **$384,075** for 575.50 hours expended preparing for and attending trial. This time also includes trial strategy, research for and drafting of various trial documents (*e.g.*, pre-trial briefs, motions *in limine*, direct examination outlines, and proposed jury instructions), preparing for direct and cross examinations, preparing trial exhibits, communicating internally and with the CFPB regarding trial issues, post-trial briefing (*e.g.*, Proposed Findings of Fact and Conclusions of Law (ECF No. 86)), attention to damages issues, and considerations about appeals and motions for fees and costs.

10. Based upon my experience with government litigation, the attorney's fees that Weltman incurred were reasonable and necessary, particularly in light of the complexity and scope of the case and the potential exposure with which Weltman was threatened.[2]

11. Weltman therefore submits for the Court's consideration **$1,207,481.25** in attorney's fees for the litigation of this matter. True and accurate copies of Jones Day's billing statements containing the relevant time entries will be made available for *in camera* review upon the Court's request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 2?, 2018.

_____
James R. Wooley

---

[2] Weltman can provide a further break down of the hourly rates and time spent on each task for specific attorneys and non-attorneys, if the Court deems it necessary.