# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CONSUMER FINANCIAL,            )        CASE NO. 1:17 CV 817
PROTECTION BUREAU,             )
                              )
       Plaintiff,          )        JUDGE DONALD C. NUGENT
    v.                        )
                              )        MEMORANDUM OPINION
WELTMAN, WEINBERG & REIS CO.,  )        AND ORDER
L.P.A.,                        )
                              )
       Defendant.          )

This matter is before the Court on Defendant, Weltman, Weinberg & Reis Co., L.P.A's ("Weltman") Motion for Award of Attorneys' Fees. (ECF #89). Plaintiff, the Consumer Financial Protection Bureau ("CFPB" of "the Bureau") filed an opposition to this motion, (ECF #91), and Defendant, Weltman filed a Reply brief in support of its request (ECF # 94). The matter is now fully briefed and ripe for the Court's consideration.

## LEGAL STANDARD

Defendant seeks an award of $1,207,481.25 for attorneys fees under 28 U.S.C. §2412(b), alleging that the CFPB brought this action in bad faith. The Equal Access to Justice Act ("EAJA") waives the government's sovereign immunity allowing it be held liable for payment of

attorney's fees and costs under certain circumstances.  28 U.S.C. §2412.  Subsection (b) of the EAJA permits a court to award "reasonable fees and expenses of attorneys" to a prevailing defendant in a civil suit brought by an agency of the United States "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."  28 U.S.C. §2412(b).

In this case, the Defendant claims that this case falls within the "bad faith" exception to the American Rule that each party bears its own attorneys fees.  Courts have inherent authority to impose sanctions, including an award of attorneys fees, when a party litigates "in bad faith, vexatiously, wantonly, or for oppressive reasons."  *United States ex rel. Tingley v. PNC Fin. Serv. Grp., Inc.*, 705 F.App'x 342, 344 (6th Cir. 2017).   In order to impose attorney fees as a bad faith sanction, a court must find that  " (1) the claims advanced were meritless, (2) counsel knew or should have known that the claims were meritless, and (3) the suit was brought for an improper purpose."  *Id.* at 344-45.   A court should exercise restraint when considering the imposition of such sanctions, but should not "shrink from exercising [their power] when sanctions are justified by the circumstances."  *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).   A claim is colorable, and not "meritless" when "it has some legal and factual support, considered in the light of the reasonable beliefs of the individual making the claim."  *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 n. 2 (2d Cir. 2000).

## ANALYSIS

Weltman argues that it is entitled to attorney's fees because, as an investigative governmental agency, the CFPB knew or should have know its claims were meritless.  Although

2

this court found that the CFPB ultimately did not prove that Weltman's attorneys were not "meaningfully involved" in the collection of debts, and consequently the statement and representations made in their demand letters were not misleading or otherwise actionable, it does not follow that the claims were "meritless." The CFPB had sufficient evidence to survive summary judgment, as well as motions for judgment on the pleadings. Further, an advisory jury did make a finding that Weltman's communications contained "false, deceptive, or misleading representations or means in connection with the collection of a debt." (ECF #87 at 3). As stated in the Court's Findings of Fact and Conclusions of Law, there was some evidence presented that could support a finding that Weltman's letters could be misleading to certain consumers. The Court did not ultimately adopt that finding because the evidence that could have supported the finding came exclusively from an expert that the Court deemed not credible. (ECF #87). [1] The fact that the Court did not find him credible, does not suggest that his testimony was false, or that the CFPB did not have a good faith belief in the validity of his testimony. Further, there is no accepted specific test for determining when a lawyer is "meaningfully involved" in the process of debt collection. The CFPB did present evidence that attorneys had not directly reviewed and exercised their own professional judgment as to the validity of each debt before the collection letters were sent out, and the case law they referenced in their briefing relied heavily on this

---

[1]

The advisory jury's findings were also inconsistent in that the Complaint alleged the letters were misleading because they overstated the involvement of lawyers in the debt collection process. The jury, and this Court, however both found that the evidence ultimately supported a finding that Weltman's lawyers were meaningfully involved in the process, disproving the only asserted basis for finding that the letters contained false, deceptive, or misleading. (ECF #87).

3

factor in determining the ultimate question of "meaningful involvement."  That case law, although it came from other circuits, supported the CFPB's theory that a demand letter can be misleading under the relevant laws if it indicates that it comes "from an attorney" or law firm, even if every statement in the letter is literally true.

Although this Court found that the totality of the evidence clearly showed that Weltman's attorneys were meaningfully involved in the debt collection process, in a variety of ways, and at every stage of the process, there is no evidence that would indicate that the CFPB's position was completely meritless.  Further, even if the case were meritless, in retrospect, there is no indication in the record that the CFPB believed or should have believed it to be so.  The CFPB did have some legal and factual support for its position, and there is no indication that their pursuit of the lawsuit was wholly unreasonable considering the beliefs and purpose of the agency, as well as the body of case law established in similar cases throughout the country.

Finally, there is absolutely no indication that the CFPB brought this case against Weltman for an improper purpose.  Even if the Court were to agree with Weltman that this litigation was an overreach based on the facts, or that the Bureau was attempting to expand consumer protection laws past their useful purpose, there is no evidence to suggest that Weltman was targeted or otherwise pursued in bad faith.  The CFPB is tasked with protecting consumers and there is no reason to believe that this litigation, albeit unsuccessful, was aimed at anything other than a vigorous pursuit of this goal.  Different agency leaders may have differing approaches as to how far to push the limits of the consumer protection laws but these differences have no bearing on whether each position is being executed in good faith.  Although it may well be unjust that Weltman has suffered reputational harm and has had to expend significant resources

4

defending itself from disproved charges in this action, the Bureau's actions do not rise to a level that would permit the Court to award attorney fees, as claimed by Weltman, under the law that applies in this case.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Attorney's Fees is DENIED. (ECF #89).   IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: _October 19, 2018_