# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) | CASE NO. 1:17 CV 817 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| | ) | MEMORANDUM OPINION |
| WELTMAN, WEINBERG & REIS, CO., L.P.A., | ) ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Weltman, Weinberg & Reis, Co., L.P.A.'s

("Weltman") Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920,

*et. seq.*,  and supported by the declaration of Ryan A. Doringo, attesting that these expenses "are

correct and were necessarily incurred in this action and that the services for which fees have been

charged were actually and necessarily performed.  28 U.S.C. § 1924. (ECF # 90)[1].

## LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than

---

[1] While Plaintiffs submitted a Bill of Costs, rather than a motion to tax costs, the Court will review
the bill of costs in the first instance rather than have the clerk of courts make an initial
assessment.  See *BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 418-419 (6th
Cir. 2005)(The "district court has inherent and statutory authority to act on motions related to
costs prior to any action by the clerk.")

attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)).

28 U.S.C. § 1920 sets forth the expenses that may be taxed as costs:

(1)     Fees of the clerk and marshal;
(2)     Fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5)     Docket fees under 1923 of this title;
(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The above-captioned, case was decided in favor of the Defendant, following a bench trial with an advisory jury. (ECF #987, 88). Defendant now seeks $7,392.25 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case, and $59,986.83 in fees for exemplification and the costs of making copies of materials where the copies were necessarily obtained for use in the case. The total of all costs sought equals $67,379.08. Plaintiff challenges Defendant's request for several categories of expenses included within the submitted Bill of Costs. They argue that Defendant has submitted only $6,347.63 in reimbursable costs.

The Sixth Circuit recognizes "a presumption in favor of awarding costs" under Rule 54(d) and Section 1920. *Soberay Mack & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d

2

759, 770 (6th Cir. 1999). The presumption, however, only applies to those costs authorized under 28 U.S.C. §1920. *See, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015). Where costs are allowed, the "Court must exercise discretion in assessing costs, only allowing for materials 'necessarily obtained for use in the case'. . . and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995). When considering an award of costs under Rule 54(d), the Supreme Court has cautioned that,

> We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

*Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (U.S. 1964). Under careful scrutiny, a prevailing party may not recover as costs expenses that are not specifically authorized by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441- 42 (1987).

## ANALYSIS

### A. E-Discovery Costs

Plaintiff challenges Weltman's request for reimbursement of expenses "related to hosting the e-discovery platform storing scanned and electronic documents," and for "user licensing" and "data hosting," totaling $53,576.50. (ECF #93). The supporting invoices

3

show that these charges include $50,123,10 in "user licensing" and "data hosting"

expenses. (ECF #90-4, Ex. C.1-C.11). Another $3,453.40 is attributed to expenses for

loading and exporting data into "Relativity," "volume creation," processing, and "Audio

File Transcription." (ECF #90-4, Ex. C.1-C.4, C.6). Weltman included these costs in its

request for costs under 28 U.S.C. §1920(4), which covers copying and exemplification

costs. Plaintiff argues, however, that these costs are not for exemplification or copying

but for "data hosting," "user licensing," and other related expenses for maintaining and

using an e-discovery database, and are, therefore, not authorized costs permitted by the

statute.

Courts appear to mixed in their acceptance of a wide variety of e-discovery charges

as recoverable under Section 1920(4). The Sixth Circuit has not addressed these specific

types of costs in reviewing and award of costs, however, it has allowed reimbursement of

costs for imaging a hard drive. The Sixth Circuit's decision was predicated solely on the

premise that the imaging costs, which were the only costs requested in that case, fell within

the plain meaning of "copying," and were, therefore, subsumed by Subsection 4 of Section

1920. *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295, 298 (6th Cir.

2015)(citing *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1330-31 (Fed.

Cir. 2013)). It was careful, however, to limit its decision to cases in which the requested

fees were the result of actual creation or production of copies of discoverable material,

whatever the medium, nodding favorably to other court's restrictions on fees that were

incurred to "facilitate counsel's review of discoverable documents," or which involved

"deduplication, indexing, and [ ]other non-copying electronic discovery." *Id.* When

4

discussing these other non-copying costs, the Court stated that courts were "rightly worried over expanding the scope of §1920 to include expensive electronic discovery procedures not contemplated by Congress." *Id.*

Since *Colosi*, only a handful of cases within the Sixth Circuit have addressed the issue. The most recent was *Ma v. Am. Elec. Power, Inc.*, which disallowed a claim for $173,368.42 under a Bill of Costs. Citing *Colosi*, a Federal Circuit case, and a Ninth Circuit case, the *Ma* court found that "those costs necessary to duplicate an electronic document in as faithful and complete a manner as required," are recoverable under 28. U.S.C. §1920(4). *Ma v. Am. Elec. Power, Inc.*, 2017 U.S. Dist. LEXIS 219047, *5 (W.D. Mich. 2017)(citing *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013)). However, "only the costs of creating the produced duplicates are included, not a number of preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication." *Id.* In other words, *Ma* found that "Colosi supports only real, copying-like costs." *Id.* at *6.

Several other courts outside the Sixth Circuit have also found that costs for data hosting, document management, and database fees are not taxable under Section 1920(4). *See, e.g, County Vitner of North Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 261-62 (4ᵗʰ Cir. 2013); *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166-67, 171 (3d Cir. 2012). *Exclaim Mktg., LLC v. DIRECTV, Inc.*, No. 5:11-CV-684-FL 2016 WL 1258776, at *3 (E.D.N.C. Mar. 28, 2016).

Defendant cites the case of *O'Donnell v. Genzyme Corp.*, in support of its position in favor of taxing such costs. The *O'Donnell* court awarded costs associated with the

maintenance and management of electronically stored information because the Plaintiff in that case "made the discovery requests that caused Defendants to create and keep electronically stored information at Defendant's expense. . . [and] argued against Defendants efforts to reduce the ESI costs." *O'Donnell v. Genzyme Corp.*, 2016 U.S. Dist. LEXIS 39456, fn. 14 (N.D. Ohio 2016).  The *O'Donnell* court did not explain how these expenses qualified as copying expenses or otherwise fit the requirements of 28 U.S.C. §1920(4).

Defendant cites *In re Asparatame Antitrust Litig.*, 817 F. Supp. 2d 608, 615 (E.D. Pa 2011), which consolidated numerous class action complaints against a variety of defendants.  That court found that "in cases of this complexity, e-discovery saves costs overall by allowing discovery to be conducted in an efficient and cost-effective manner" and "allows parties to 'save costs associated with manually producing, handling, storing, and delivering thousands (and often millions) of pages of hard-copy documents" to multiple parties.  *Id.* (citing *United States Bankr. v. Dorel Indus.*, No. A-08-CA-354, 2010 U.S. Dist. LEXIS 78096, at *13-14 (W.D. Tex. Aug. 2, 2010)).  Defendant also cites two other Texas cases giving similar reasons for assessing costs associated with electronic storage when paper production would have been more costly.

This case is distinguishable from those cited by Defendant.  There is no evidence or argument that the need for the electronic discovery system was caused by the Plaintiff, or that it was more cost effective than copying and distributing information in a more traditional manner.  There were not multiple plaintiffs and multiple defendants, which would have exponentially increased the copying costs required.  In addition, Defendant has

submitted no affidavit or other information that would allow this Court to determine which portions of these costs were necessary to the case, and which were merely for the convenience of the attorneys.  Finally, there is no indication in the Bill of Costs or the supporting documents filed by the Defendant that the costs for "user licensing" and 'data hosting" were incurred for the actual copying or imaging of any papers or other form of discovery materials necessarily obtained for use in the case, which is required by the plain language of 28 U.S.C. §1920, and was the determining factor considered by the *Colosi* court in awarding costs.  Rather, Defendant states that these costs were incurred to maintain a database used for storage and to assist Defendant's review of the materials, neither of which is a recoverable cost under the statute. (ECF #90-1 at 4-5).

Although the information contained in the system was undoubtedly necessary for use in this case, there is nothing to support a finding that the licensing and hosting costs included, or were limited to, the actual copying of materials necessary to the litigation of the case.  The summaries provided do not sufficiently explain the purpose and scope of the licensing and data hosting fees.

Defendants do not claim that this electronic information management system was less costly than traditional paper discovery would have been under the circumstances of this case.  They also do not provide any explanation as to why, in this type of case, electronic document management was necessary, rather simply a permissible means of facilitating attorney review.  As electronic document management becomes more prevalent, and the benefits of such a system become more widely accepted, Congress might well consider re-visiting the restrictions set forth in 28 U.S.C. §1920 to permit recovery of costs

associated with more modern means of case management.  At this juncture, however, this Court is bound to follow the plain language of the current statute and the dictates of the Sixth Circuit, both of which lead to a denial of the $50,123,10 in charges for "user licensing" and "data hosting" sought by Defendant in this case.  This result also comports with the United States Supreme Court's reminder in *Tanaguchi*, that "[t]axable costs are limited to relatively minor, incidental expenses" and should be applied narrowly. *Tanaguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 182 L. Ed. 2d 903 (2012).

Another $3,453.40 sought under Section 1920(4) is attributed to expenses for loading and exporting data into "Relativity," "volume creation," processing, and "Audio File Transcription." (ECF #90-4, Ex. C.1-C.4, C.6).  Although Defendant did not explain or itemize these costs as clearly as the Court would prefer, it is reasonable to infer, based on the services described in the invoices and Defendant's limited explanation, that these charges qualify as copying or transcriptions costs that are recoverable under Section 1920(2) and (4).  Data conversion, audio transcription, and export of data, all suggest a replication of data that would fit the broader definition of electronic  "copying" adopted by the Sixth Circuit in *Colosi*.   The Court, therefore, finds that $3,453.40 of the costs sought under Section 1920(4) is reasonably attributed to electronic copying and/or transcription costs necessary for use in the case at hand.

## B.  Transcription of Audio Recordings

Plaintiff also challenges Defendant, Weltman's request for costs associated with the transcription of "audio recordings of consumer telephone calls."  Plaintiff claims these costs and others used for trial preparation, but not at trial , are not "necessarily obtained for

use in the case." Plaintiff further argues that the audio recordings, themselves, could have been used as evidence at trial, and, therefore, the transcriptions were not necessary, but rather, merely an unnecessary convenience or aid for Defense counsel. *See, Kohus v. Toys R Us, Inc.*, 282 F.3d 1355 (Fed. Cir. 2002).

The Defendant's explanation of costs indicates that the transcriptions at issue were limited to about 140 consumer calls identified by Plaintiff as violations of the FDCPA. As these calls were given by Plaintiff as examples of the violations charged in the Complaint, review of the calls was necessary for use in the case, and the transcribing the calls was a reasonable and necessary cost to incur. Transcribing calls that are central to the charges in the case is may be necessary in order to have the content of those calls on hand for use in examination, cross-examination, and impeachment attempts, as well as for preparation of trial questions and arguments, and other trial preparation needs. Counsel is not required to sift through and play audio recordings of essential telephone conversations each time the content of the call becomes relevant at trial or during trial preparation. *See, e.g., Montano v. Orange Cty., Texas*, NO. 1:13-CV-611, 2015 WL 11110595, at *2 (E.D. Tex. Apr. 20, 2015); *Williams v. Gate Gourmet, Inc.*, No. 1:09-CV-1557-MHS, 2011 WL 13273027, at *4 (N.D. Ga. May 5, 2011). It is not necessary, for recovery under Section 1920 that the transcriptions, themselves, actually be used at trial. *See, Sutter v. Gen. Motors Corp.*, 100 F. App'x 472, 475 (6th Cir. 2004). Further, the reason the transcripts were not utilized at trial was because Plaintiff dropped the claims related to the calls on the eve of trial, after Defendant had already incurred these costs in preparation of their defense of those claims.

### C. <u>Transcription of Bitterman Hearing</u>

Finally, Plaintiff challenges the costs incurred by Defendant in the transcription of the pre-complaint investigative hearing of Eileen Bitterman.  Plaintiff argues that investigation expenses are not chargeable as costs, and these costs were not reasonably necessary for the litigation.  Plaintiff cites *Hill v. BASF Wyandotte Corp.*, 547 F.Supp. 348, 352 (E.D. Mich. 1982) for the proposition that the cost of transcribing proceedings for trial preparation, but not for use at trial, are not recoverable as costs under Section 1920(4). This runs counter to the Sixth Circuit's holding in *Sutter v. General Motors*, in which that court held that the cost of transcriptions may be recovered under Section 1920, even if not introduced at trial. *Sutter*, 100 F. App'x at 475.

Plaintiff also points out that Defendant ordered and was invoiced for the cost of this transcription before the Complaint in this cases was even filed, suggesting that this timing proves that they were ordered as part of an investigation and not specifically for use at trial. Trial use and preparation does not have to be the sole reason that a cost was incurred, however.  Nothing in the statute limits recovery to materials prepared exclusively for trial. Rather, the statute allows fees for transcripts "necessarily obtained for use in the case." There can be no question that the transcript of Ms. Bitterman's investigation hearing was necessary for the Defense to use in the case.  Plaintiff relied on the investigative hearing of Ms. Bitterman during summary judgment briefing, and Defendant should well have expected that it would, therefore, also raise the hearing at trial.  It was necessary that the defense in this case be prepared to address the content of the investigative hearing during summary judgment and at trial.  Having the hearing transcribed  was a reasonable means of

10

accomplishing this.  Courts regularly tax costs for items such as this, when they are made

necessary to the case through references in briefing or when their content can be reasonably

expected to be addressed at trial.  *See, Golembiewski v. Logie*, No. 3:11 CV 57, 2012 WL

1142474, at *2 (N.D. Ohio Apr. 4, 2012); *Baker Hughes Inc. v. S&S Chem., LLC*, No. 1:14-

CV-531, 2016 WL 6155688, at *3 (W.D. Mich. Oct. 24, 2016).


## CONCLUSION

Defendant, Weltman's Bill of Costs is approved in part and denied in part.  Costs in

the amount of $10,845.65 are hereby taxed to the Plaintiff, Consumer Financial Protection

Bureau.  The costs are to be included in the judgment previously issued on July, 25, 2018.

(ECF #88).  IT IS SO ORDERED.


Judge Donald C. Nugent
UNITED STATES DISTRICT JUDGE

DATED: *October 19, 2018*

11